**The HOME INDEMNITY COMPANY,**
**a New Hampshire corporation,**
**Plaintiff,**

v.

**FARM HOUSE FOODS CORPORATION,**
**a Wisconsin corporation, and the Diana**
**Corporation, a Delaware corporation,**
**Defendants.**

**Civ. A. No. 90–C–0559.**

United States District Court,
E.D. Wisconsin.

Aug. 9, 1991.

Gary P. Lantzy, Kohner, Mann & Kailas, Milwaukee, Wis., for Home Indem. Co.

W. Stuart Parsons, Quarles & Brady, Milwaukee, Wis., for Diana Corp.

Michael J. McDonagh, Farm House Foods Corp., Milwaukee, Wis., for Farm House Foods Corp.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On June 8, 1990, plaintiff Home Indemnity Company ("Home Indemnity") commenced this breach of contract action against defendants Farm House Foods Corporation ("Farm House") and Diana Corporation ("Diana"), alleging that the defendants owed Home Indemnity $629,935.02 in insurance premiums. On July 30, 1991, this court issued a decision and order granting partial summary judgment to Home Indemnity, holding Diana liable for premiums on three insurance policies that Home Indemnity had issued to defendants. 770 F.Supp. 1339. The issue of damages remains, and is to be tried to a jury on September 10, 1991.

On August 1, 1991, this court conducted a settlement conference at the request of the parties. The defendants indicated that they would settle the case if this court vacated its decision and order of July 30, 1991. This court declined to do so. On August 1, 1991, Diana filed a motion for reconsideration of the July 30th decision and order.

On August 6, 1991, the defendants filed a letter brief stating that the parties have agreed to settle this case on the condition that this court vacate its July 30th decision and order. Along with the brief, defendants filed a proposed order providing for the vacation of the July 30th decision and order and the dismissal of the complaint as to each defendant upon the merits, with prejudice, and without costs to any party. This court construes the letter and proposed order as a joint motion to vacate this court's July 30th decision and order, and denies the joint motion for the reasons below.

### FACTS

The facts of this case are fully detailed in this court's July 30th decision and order, and will not be restated here.

### ANALYSIS

This court initially notes the distinction among "decisions" or "opinions" (which terms are interchangeable), "orders for a judgment," and a "judgment." Here, the parties seek a vacation, which this court takes to mean an expungement, of this court's decision and order for judgment.

Defendants provide no direct authority on the issue of whether this court should vacate its decision and order. Instead, defendants argue that vacation is appropriate here because: (1) as a non-final order, the decision and order is subject to revision at any time before the entry of final judgment, Fed.R.Civ.P. 54(b); and (2) vacation of the order would further the policy of encouraging voluntary settlement.

In support of their policy argument, defendants cite to 13A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3533.10 at 423–33 (2d ed.1984) (collecting cases) for the proposition that when parties settle a case pending appeal, the majority of appellate courts automatically vacate the district court's judgment with directions to dismiss the action. *Id.* § 3533.10 at 423–33.

The defendants' authority is unrelated to the question of whether the district court should vacate a decision and order, because a decision and order is entirely different from a judgment. Moreover, the Court of Appeals for the Seventh Circuit has rejected the majority rule to which defendants refer. In *Matter of Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir. 1988), the court of appeals, speaking through Judge Easterbrook, held that settlement on appeal did not require expungement of lower court decisions. The court of appeals supported its holding with the following lines of reasoning. First, precedents, as public acts of public officials, are not the parties' property. *Id.* at 1300–01. Second, a proposed settlement does not render a dispute automatically moot, because the court has the power to reject the settlement. *Id.* at 1301. Third, even a judgment (as distinguished from a decision) should be vacated to relieve the parties of its collateral effects only where external events, as opposed to voluntary settlement, precluded effective judicial review. *Id.* Finally, precedent itself has value to persons other than the parties to the action, such as other judges or potential litigants who might find the opinion persuasive and time-saving, or third parties who might seek to take advantage of the collateral effects of the opinion. *Id.* at 1302; *see also Parklane Hosiery Co.*

*v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (setting forth the extent of preclusive benefits of judgments for third parties).

Although *Memorial Hospital* deals only with the issue of how an appellate court should handle a settlement on appeal, it provides guidance on the issue at bar. First, *Memorial Hospital* teaches that defendants' proposed settlement does not render this case automatically moot and deprive this court of jurisdiction. The defendants have not consummated their settlement, but have conditioned it upon a judicial act which this court declines to take. *See Memorial Hospital*, 862 F.2d at 1301. Second, *Memorial Hospital* instructs that this court's July 30th decision and order, like the bankruptcy and district court opinions in *Memorial Hospital*, is not the property of the parties. *See id.* at 1300. Rather, this court's decision may have potential value to numerous third parties not involved in this action, including other possible creditors who might be interested in the relationship between Farm House and Diana, and other judges who might find the decision instructive. *See id.* at 1301–02. These public interests are compelling, and this court must respect these interests by protecting the integrity of its decisions. As the court of appeals concluded in *Memorial Hospital:*

> [t]he parties may be free to contract about the preclusive *effects* of these decisions inter se (Memorial could promise, for example, not to plead this adjudication as preclusive in a future dispute, subject to any limits properly placed on such agreements); they are not free to contract about the existence of these decisions.

*Id.* at 1303 (emphasis supplied).

For these reasons, this court denies the parties' request to vacate this court's decision and order of July 30, 1991.

IT IS THEREFORE ORDERED that the parties' joint motion to vacate this court's July 30, 1991 decision and to dismiss the

complaint as to each defendant with prejudice is DENIED.